U.S. COURTS

2005 AUG 22 PM 12: 20

REC'D_____FILED_____
CAMERON S. BURKE,
CLERK         IDAHO

Shelly H. Cozakos
ISB No. 5374
PERKINS COIE LLP
251 East Front Street, Suite 400
Boise, Idaho 83702-7310
Telephone: (208) 343-3434
Facsimile: (208) 343-3232

Attorneys for Defendant Michael Byce

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUSTMED, INC.,<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL BYCE,<br><br>          Defendant. | CIV05-333-S-EJL<br>Case No. _____<br><br>[Ada Co. Case No. CV OC 0505872]<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Michael Byce, contemporaneously with the filing of this notice, is effecting the removal of the action from the District Court of the State of Idaho for the County of Ada to the District Court of the United States for the District of Idaho.

FEE PAID
R#1504

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 1
[00000-0000/SL052330.013]

## I. PLEADINGS, PROCESS AND ORDERS

1. On August 9, 2005, an action was commenced in the District Court of the State of Idaho in and for the County of Ada entitled JustMed, Inc. v. Michael Byce, CV OC 0505872. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Defendant Byce was served with a copy of said Complaint on August 11, 2005. A copy of the Summons is attached hereto as Exhibit B.

3. On August 11, 2005, Ada County District Court entered a Temporary Restraining Order. A true and correct copy of the Order is attached hereto as Exhibit C. Defendant Byce has complied with this Order.

## II. JURISDICTION

4. This Court has original jurisdiction under 28 U.S.C. § 1331 and 1338(a), and the action is one which may be removed to the United States District Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a). Plaintiff's Complaint expressly requests relief that can only be obtained by an application of, and interpretation of, Federal Copyright Law, 17 U.S.C.A. § 101, *et seq*.

5. Pursuant to 28 U.S.C.A. § 1338(a), actions that arise under the Copyright Act are subject to exclusive jurisdiction in federal court. Plaintiff's Complaint arises under the Copyright Act because the controlling issue is whether Plaintiff or Defendant Byce is the "author" of certain computer software program. Determinations of "authorship" of computer software programs, which are copyrightable material, are governed by the Copyright Act, 17 U.S.C.A. § 201(a). In particular, in its Complaint, Plaintiff alleges that it is the author and therefore the owner of the computer software, because Defendant Byce was an employee of Plaintiff and developed the computer software during the course and scope of his employment. This threshold issue cannot be resolved without the application of sections

201(b) and 101 of the Copyright Act, both of which relate to or are governed by the work for hire doctrine. Thus, because the relief that Plaintiff requests cannot be granted absent application of the Copyright Act, this Court has exclusive jurisdiction over this lawsuit.

### III.    TIMELINESS OF REMOVAL

6.      This Notice of Removal is timely filed in that it is filed within 30 days of the August 11, 2005, service on Defendant of the Complaint. This Notice of Removal is also timely filed in that it is filed within one year of the filing of the Complaint.

7.      For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1331, 1338(b), and 1441.

DATED: August 22, 2005.

PERKINS COIE LLP

By _____
Shelly H. Cozakos
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on August 22, 2005, I caused a true and correct copy of the foregoing to be forwarded with all required charges prepaid, by the method(s) indicated below, in accordance with the Rules of Procedure, to the following person(s):

| | | |
|---|---|---|
| Jed W. Manwaring<br>Judy L. Geier<br>Evans Keane LLP<br>1405 West Main Street<br>P.O. Box 959<br>Boise, ID  83701-0959 | Hand Delivery<br>U.S. Mail<br>Facsimile<br>Overnight Mail | __X__<br>_____<br>_____<br>_____ |

_____
Shelly H. Cozakos

Jed W. Manwaring ISB # 3040
Judy L. Geier ISB # 6559
EVANS KEANE LLP
1405 W. Main Street
P. O. Box 959
Boise, Idaho 83701-0959
Telephone: (208) 384-1800
Facsimile: (208) 345-3514
jmanwaring @ evanskeane.com

Attorneys for Plaintiff, JustMed, Inc.

NO. _____ COPY
A.M. _____ FILED _____ P.M.

AUG 09 2005

J. DAVID NAVARRO, Clerk
By C. THOMAS
DEPUTY

# IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| JUSTMED, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL BYCE, <br><br> Defendant. | Case No. CV OC 0505872 <br><br> **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff JustMed, Inc., an Idaho corporation, by and through its counsel, Jed W. Manwaring, of the firm Evans Keane, LLP, complains and alleges as follows:

## JURISDICTION AND VENUE

1. The Plaintiff JustMed, Inc. ("JustMed"), is an Idaho corporation with its principal office located at 11855 SW Ridgecrest Dr., Suite 209, Beaverton, OR 97008.

2. The Defendant Michael Byce is a resident of Ada County, Idaho.

3. Venue is proper pursuant to I.C. § 5-404.



COMPLAINT - 1

## GENERAL ALLEGATIONS
### (Applicable to all Counts)

4.  JustMed is a closely held corporation with approximately 55% of its shares owned by Joel E. Just and Ann M. Just, husband and wife. Various other family members, in-laws, friends and employees own the remaining shares including Defendant Byce who owns approximately 13% of the shares. Defendant Byce was the brother-in-law to Ann M. Just before the untimely death in 1999 of her sister and the wife of Defendant Byce.

5.  JustMed developed and markets "JustTalk", a digital audio larynx, used by throat cancer survivors and other patients. JustTalk is unique in that it employs a computer chip, which through the use of proprietary programming, is able to recreate voice in patients who have no larynx (vocal chords). Thus, patients who use JustTalk do not have to press an apparatus to their neck each time they speak. Ongoing development on the product focuses on innovative programming improvements and upgrades to enhance its use and performance.

6.  Defendant Byce held an elected position as a member of the Board of Director's for JustMed since February 2003. In September 2004 Byce was hired fulltime as an employee by JustMed as Research and Development Manager. His primary responsibilities were to oversee the continued development and upgrading of the computer programming used by JustTalk. In his capacity as an employee, he has developed improved computer programming for the product. At all relevant times, JustMed owned the rights to the computer programming used to operate JustTalk and all the improvements made by its employees

7.  Attached as Exhibit 1 is a true and correct copy of an email from Plaintiff on the status of JustMed and JustTalk wherein the shareholders were informed that Defendant Byce was "hired" as of September, 2004.

COMPLAINT - 2

8. Attached as Exhibit 2 is a true and correct copy of a fax from Defendant Byce to Plaintiff's accountant wherein Defendant acknowledges his employment compensation and signed a W-4 Employee Withholding Allowance Certificate dated May 27, 2005.

9. From September 2004 through April 2005, Defendant Byce was initially compensated for his salary with additional stock shares in JustMed in lieu of cash. From May 2005 through July 2005 Byce was paid a salary in a combination of check payment and stock.

10. On June 13, 2005, Byce used his status as an employee to enter Plaintiff's offices and deleted certain proprietary programming/information ("Software") stored on Plaintiff's computers. Said proprietary Software consisted of all of the source code files, assembly files, and readable version of the new improved software that was developed for use in JustMed's product. Additionally, it is believed that Byce copied or has copies or has originals of said proprietary Software in his personal possession.

11. The next day, June 14, 2005, Byce confronted and demanded from Joel E. Just, President of JustMed, that he transfer enough shares to Byce to equalize their percentage ownership in JustMed in anticipation of a sale and/or merger of JustMed. The deletion of the Software from JustMed's computers by Byce was done to attempt to leverage and extort the larger portion of shares in JustMed to Byce, knowing that there was a potential sale/merger which would substantially benefit existing shareholders.

10. Plaintiff has made repeated demands upon Byce to return the Software. Byce has denied JustMed access to the Software, refused to return it and now continues to exclusively possess the Software. Defendant Byce now claims that he was never an employee of JustMed and that he alone is the owner of the Software.

COMPLAINT - 3

11. At all relevant times, JustMed owned all rights to the Software, including any and all improvements used to operate its product, JustTalk.

12. The International Association of Laryngectomees ("IAL") has its annual conference and tradeshow in Boston, Massachusetts on August 31 – September 3, 2005. The new Software release for JustTalk was advertised in the May 2005 IAL newsletter to be released at this tradeshow. If the Software is not released for sale with JustTalk as advertised and scheduled, Plaintiff will suffer irreparable harm in loss of credibility and loss of sales with the distributors, speech pathologists, cancer survivors, medical doctors and others in the commercial market at the IAL tradeshow.

## COUNT I
### DAMAGE AND INJUCTIVE RELEIF FOR MISAPPROPRIATION OF A TRADE SECRET PURSUANT TO *I.C. § 48-801 et seq*

13. JustMed has a proprietary interest in said Software which is a trade secret owned by Plaintiff.

14. By his wrongful actions in covertly deleting the Software from the corporation's computers the Defendant misappropriated the Plaintiff's trade secrets in violation of *I.C. § 48-801 et seq*.

15. The Defendant continues to misappropriate JustMed's proprietary Software by refusing to return it, by retaining possession and by denying JustMed access.

15. Said Software is in danger of being lost, removed, concealed, materially damaged or destroyed by the Defendant while it remains in his possession.

16. Plaintiff is entitled to temporary restraining order and preliminary/permanent injunction pursuant to Rule 65 and *I.C. § 48-802*, requiring the return of Software to Plaintiff and

*COMPLAINT - 4*

prohibiting the Defendant from augmenting, using, marketing, selling, encumbering, sabotaging or destroying the Software.

17. Plaintiff is entitled to damages pursuant to I.C. § 48-803 for the loss, unjust enrichment and for exemplary damages for the willful and malicious misappropriation of the Software. The amount of damage is to be proved at trial in excess of $10,000.

## COUNT II
## CONVERSION

18. The Defendant committed a distinct act of unauthorized control, dominion, misappropriation and taking of Plaintiff's Software thereby committing conversion. Said conversion consisted of: misusing his status as an employee to gain access to the Plaintiff's computers; seeking out the proprietary programming Software on the corporation's computer for the purpose of removing, deleting and/or destroying it; deleting the Software thereby denying the Plaintiff access and use of its proprietary property.

19. As a direct and proximate result of the Defendant's conversion JustMed has suffered damages in an amount to be determined at trial in excess of $10,000.

## COUNT III
## BREACH OF FIDUCIARY DUTY

20. The Defendant was an employee, shareholder and member of the Board of Directors of JustMed. In these capacities the Defendant had a confidential relationship with JustMed as he was allowed access to the corporation's trade secrets, e.g., its Software.

21. Under color of authority as an employee, shareholder and board member, the Defendant willfully and purposefully sought out and deleted the Plaintiff's Software in an effort to gain negotiation leverage to obtain more shares in JustMed.

*COMPLAINT - 5*

22. The Defendant breached his duty of care and loyalty by misusing his confidential relationship for the purpose of deleting, destroying and damaging the Software for use by Plaintiff.

23. The Defendant breached his confidential relationship with the corporation by deleting, destroying, damaging and absconding with the Plaintiff's proprietary Software.

24. As a direct and proximate result of the Defendant's breach of fiduciary duty and confidential relationship, the Plaintiff has suffered damages in an amount to be determined at trial but not less than $10,000.

## COUNT IV
## INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE

25. JustMed has a valid economic expectancy in the sales of its device, JustTalk and in the sale/merger of JustMed.

26. The Defendant in his capacity as an employee, shareholder and board member was fully aware and had knowledge of Plaintiff's economic expectancy including the upcoming IAL tradeshow release and the potential sale/merger of JustMed.

27. The Defendant intentionally interfered with Plaintiff's economic expectancy when he willfully and wrongfully deleted from the corporation's computers and absconded with the necessary Software to be used with JustTalk.

28. The Defendant continues to intentionally interfere with Plaintiff's economic expectancy by continuing to deny Plaintiff access to the Software.

29. The Defendant deleted the Software for the improper purpose of absconding with it, exclusively possessing it to the detriment of the Plaintiff, exclusively profiting from it, and / or extorting from the Plaintiff an increased ownership of shares or profits from JustMed.

*COMPLAINT - 6*

30. As a direct and proximate result of Defendant's wrongful actions, Plaintiff's economic expectancy has been disrupted, and Plaintiff has suffered damages in an amount to be determined at trial, not less than $10,000.

## ATTORNEY FEES

31. Plaintiff has been required to retain the law firm of Evans Keane LLP to prosecute this action and is entitled to recover attorney's fees and costs incurred pursuant to I.C. §§12-120 and -121, I.R.C.P. 54, and all other applicable laws. In the event of default Plaintiff claims the reasonable sum of $7,000 for costs and attorney fees.

## DEMAND FOR JURY TRIAL

32. Plaintiff demands a trial by a jury of no less than twelve (12) persons on all issues so triable pursuant to Idaho Rule of Civil Procedure 38(b).

WHEREFORE, Plaintiff prays this court as follows:

- A Temporary Restraining Order requiring the Defendant to turn over a fully operational copy of the Software to Plaintiff for its use in the ordinary course of business and further prohibiting Defendant from augmenting, using, marketing, selling, encumbering, sabotaging or destroying the Software;

- A judgment resolving all ownership disputes with regard to the Software in Plaintiff's favor;

- A money judgment in favor of Plaintiff for damages, including but limited to, lost profits, special damages, actual damages, etc.;

- An award to Plaintiff all reasonable attorney fees and costs necessitated in the prosecution of this matter;

- All other and further relief as the court deems just and equitable.

*COMPLAINT* - 7

## VERIFICATION

STATE OF ~~OREGON~~ Washington )
                                 ) ss.
COUNTY OF Thurston )

JOEL E. JUST, being duly sworn, deposes and says that I am President of JustMed, Inc., that I have reviewed the above Complaint and believe and verify that the allegations are true based upon my own personal knowledge and upon a review of the business documents in my possession.

_____
Joel E. Just, President

SUBSCRIBED AND SWORN to before me, a notary public, this 9 day of August, 2005.

(Seal)

_____
NOTARY PUBLIC FOR ~~OREGON~~ WA
Residing at Thurston Co
My Commission Expires: 5/14/06

DATED this 9th day of August, 2005.

EVANS KEANE LLP

By _____
Jed W. Manwaring, Of the Firm
Attorneys for Evans Keane, LLP

COMPLAINT - 8

-----Original Message-----
**From:** AnnMJust@aol.com [mailto:AnnMJust@aol.com]
**Sent:** Thursday, March 10, 2005 12:04 PM
**To:** Bonjerbailey@aol.com; dbyce@cox.net; justlaw@justlawidaho.com; smeleks@earthlink.net; byces@cableone.net; lieblerj@alltel.net; eda@easystreet.com; marcc@jprise.com; AVBC1Just@aol.com
**Subject:** JustMED and JusTalk update

I just wanted to give you all an update on JustMed and *JusTalk*. I forget some of you are in the family loop and some are not. *JusTalk* sales are not hot. The release of Nice5, our current software, has helped. The sleep mode, which quiets the stimulus, is a great breakthrough. We have re-signed the distributor Luminaud. The sales of *JusTalk* have been to hospitals and patients who must have hands free. We are currently working on a new release of software which I will talk about later.

We have moved into a new office in Beaverton. It is a little smaller, much less money, and still fit Ann and I. One of the reasons we moved is because Jerry Liebler moved closer to his daughter and granddaughter in Kentucky. Jerry is still helping us but in a greatly reduced roll. We have also hired Mike Byce in Boise. You should all know of Mike as a board member, but he is much more. Mike is the co-inventor of *JusTalk*, and a very talented engineer. Mike came on full time in September. His drive and inventiveness has moved our software into the future. The yet to be released software now has clarity which is as good as if not better than the competition. The stimulus is almost non existent when the patient is not speaking. We are now post processing the speech to improve clarity of consonants. He has also come up with a new way of suppressing feedback. In fact it was so good when Ann and I first heard it, we are thinking of selling an Amplifier. JustAmp will help Laryngectomy patients as well as Parkinson's, ALS and MS patients. This is very exciting because this market is much larger than the artificial larynx market. It also uses the same physical system, and with only small modifications we can produce it without much additional cost.

Ann, Mike and I just finished the Texas Laryngectomy Conference in Dallas. Ann also set up a couple of great meetings in Houston at MD Anderson Medical Center and the Houston VA hospital. We showed them a peak at the new software. MD Anderson was so encouraged with the new technology, they invited us to work with them in Houston. MD Anderson is the largest Medical facility in the world and sees more Lary's than any other hospital in the nation. One of the distributors said " They see more Lary's in one day than most hospitals see in a year". The Dallas show went very well. Mike learned so much. He literally wrote new software all night and attended the show during the day. No other product has this ability. We showed the new software to a couple of distributors and health professionals, and got very encouraging comments.

We are still looking for more investors, so if you know of anyone let me or Mike know if you have any contacts. We have been courting a couple of my old Micron buddies in Boise. We have met with them twice, but have not finalized anything yet.

As a closing, I need to acknowledge that we are delinquent on having our Annual Shareholder's meeting. Ann & I will select a date very soon and Ann will notify you of this date.

Thursday, July 28, 2005 America Online: Ann M Just

**EXHIBIT 1**

# FAX

1 Page

From: Mike Byce

To: Meredith Smith
Fax: 503-579-2079

Date: May 27, 2005

Re: My W-4

Hello Meredith,

I sent this document via email an hour ago but just checked my email and found that it had bounced because it was "Over Quota". I suppose the email could have been too big for the account that you have with your server or you have a bunch of emails taking up your quota space. Anyway, I'm faxing instead.

---

I could probably take even more allowances than 18. In fact, I'm on the edge of claiming Tax Exempt but I'm not sure about the "paper" income I was given at the first of the year as a result of working from September – December (for shares).

Cheers!

Mike

[W-4 Form, Employee's Withholding Allowance Certificate, 2005, signed by Mike Byce, dated May 27, 2005]



EXHIBIT 2

Jed W. Manwaring ISB # 3040
Judy L. Geier ISB # 6559
EVANS KEANE LLP
1405 W. Main Street
P. O. Box 959
Boise, Idaho 83701-0959
Telephone: (208) 384-1800
Facsimile: (208) 345-3514
jmanwaring@evanskeane.com

RONALD J. WILPER

NO. _____ COPY
A.M. _____ FILED _____ P.M.

AUG 09 2005

J. DAVID NAVARRO, Clerk
By G. THOMAS
DEPUTY

Attorneys for Plaintiff, JustMed, Inc.

# IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

JUSTMED, INC.,

    Plaintiff,

vs.

MICHAEL BYCE,

    Defendant.

Case No. **CV OC 0505872**

SUMMONS

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S): THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO: MICHAEL BYCE
    9878 W Edna
    Boise, ID 83704

    You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court within 20 days after service of this Summons on you. If you fail to so respond the court may enter judgment against you as demanded by the plaintiff(s) in the Complaint.

    A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

SUMMONS — 1 —



An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address and telephone number, <u>or</u> the signature, mailing address and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this ___9th___ day of August, 2005.

**J. DAVID NAVARRO**
CLERK OF THE DISTRICT COURT

By: ___C. THOMAS___ **SEAL**
Deputy Clerk

SUMMONS                                    - 2 -

Jed W. Manwaring, ISB#3040
Judy L. Geier, ISB#6559
**EVANS KEANE** LLP
1405 W. State St.
P. O. Box 959
Boise, Idaho 83701-0959
Telephone: (208) 384-1800
Facsimile: (208) 345-3514
jmanwaring@evanskeane.com

**Attorneys for Plaintiff**

NO. _____
A.M. _____ FILED P.M. 1:45

AUG 1 0 2005

J. DAVID NAVARRO, Clerk
By _____ INGA JOHNSON

# IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| JUSTMED, INC.<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BYCE,<br><br>Defendant. | Case No. CV OC 0505872<br><br>**TEMPORARY RESTRAINING ORDER** |

Pursuant to the Verified Complaint, the Application for Temporary Restraining Order ("Application"), Rule 65(b) and and Idaho Code § 48-802, the Application is granted. RJW.

IT IS HEREBY ORDERED that Defendant Michael Byce and his agents, and anyone working under his direction shall immediately turn over to JustMed, Inc. a copy of all source codes, computer programs, readable files and other computer programming information ("Software) which he worked on and developed for JustMed, Inc. Said copy shall be in full operating order.

*TEMPORARY RESTRAINING ORDER - 1*


EXHIBIT C

The Defendant is FURTHER ORDERED to cease and desist from damaging, deleting, incapacitating or otherwise negatively impacting the Software to be used by JustMed, Inc. for its product JustTalk.

The court finds that this temporary restraining order is necessary for the reason that the Plaintiff will suffer immediate irreparable harm in loss of credibility, loss of sales, and loss of economic opportunities without the use and possession of the Software. The intent of this Temporary Restraining Order is to put the parties back to the status quo and position that existed prior to Defendant deleting the Software from the Plaintiff's computers on June 13, 2005.

This order shall expire fourteen (14) days from issuance hereof unless otherwise ordered by the Court. This order is entered at 1:45 p.m. on the 10th day of August, 2005. The Plaintiff shall forthwith deposit the amount of $10,000.00 with the Clerk of the Court as security pursuant to Rule 65(c).

A hearing on the continuation of Temporary Restraining Order as a Preliminary Injunction will be held before this Court on the 22nd day of August, 2005, at 1:30 p.m.

DATED this 10th day of August, 2005.

_____
DISTRICT JUDGE

*TEMPORARY RESTRAINING ORDER - 2*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _10_ day of August, 2005, a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, and addressed to; by fax transmission to; by overnight delivery to; or by personally delivering to or leaving with a person in charge of the office as indicated below:

| | |
|---|---|
| Jason D. Melville<br>McAnaney & Associates<br>1101 West River St., Ste 100<br>Boise, Idaho 83702 | [ ] U.S. Mail<br>[ ] FAX<br>[ ] Overnight Delivery<br>[X] Hand Delivery |
| Jed W. Manwaring<br>Evans Keane, LLP<br>P.O. Box<br>1405 West Main Street<br>Boise, ID 83701-0959 | [ ] U.S. Mail<br>[ ] FAX<br>[ ] Overnight Delivery<br>[X] Hand Delivery |

J. DAVID NAVARRO

INGA JOHNSON

~~Jed W. Manwaring~~

*TEMPORARY RESTRAINING ORDER - 3*

```
D35                    REGISTER OF ACTIONS - INQUIRY              Cmd1 Menu
Case: CV OC 05 05872                                                   Help
      JUSTMED INC vs BYCE
   Date       Jdg Code ----------------- Entry ----------------- User ID Class
08 09 2005 191 NEWC NEW CASE FILED............................. CCTHOMCM  Y
08 09 2005 191 A1   CIVIL COMPLAINT, MORE THAN $1000,.......... CCTHOMCM
08 09 2005 191      NO PRIOR APPEARANCE........................ CCTHOMCM
08 09 2005 191 SMFI SUMMONS FILED.............................. CCTHOMCM
08 10 2005 191 APPL APPLICATION FOR TEMP RESTRAINING ORDER..... CCBLACJE
08 10 2005 191 AFFD AFFIDAVIT FOR PLAINTIFF'S COUNSEL.......... CCBLACJE
08 10 2005 191 MISC TEMPORARY RESTRAINING ORDER-8/22/05 AT 1:30 DCJOHNSI
08 10 2005 191 NOTC NOTICE OF FILING CASH SECURITY............. CCCHILER
08 15 2005 191 AFOS AFFIDAVIT OF SERVICE  (8/11/05)............ CCCHILER


MODE IS INQUIRY, ENTER CASE# OR USE CMD KEYS BELOW
    Cmd2 Update       Cmd9  Case           Cmd16 Scheduling       Cmd24 Delete
    Cmd3 Add          CMD13 Last Screen    Cmd17 Hearing Results  ROLL Page
```

CV05-333-S-EJL

FILED AUG 22 '05 PM 12:25 USDID