Shelly H. Cozakos
ISB No. 5374
PERKINS COIE LLP
251 East Front Street, Suite 400
Boise, Idaho 83702-7310
Telephone: (208) 343-3434
Facsimile: (208) 343-3232

Attorneys for Defendant Michael Byce

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUSTMED, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL BYCE, <br><br> Defendant. <br><br> MICHAEL BYCE, <br><br> Counterclaimant, <br><br> v. <br><br> JUST MED, INC., <br><br> Counterdefendant | Case No. CIV 05-333-S-MHW <br><br> **ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM FOR DECLARATORY JUDGMENT** |

Defendant Michael Byce, through his attorneys of record, Perkins Coie LLP, submits the following Answer to Plaintiff's Complaint and Counterclaim for Declaratory Judgment.

## **RESPONSE TO ALLEGATIONS**

Defendant denies each and every allegation of the Complaint unless specifically admitted herein. Defendant responds to the numerated paragraphs of the Complaint as follows:

1.  In response to paragraphs 1 and 2 of the Complaint, Defendant admits all allegations contained therein.

2.  In response to paragraph 3 of the Complaint, Defendant denies all allegations.

3.  In response to paragraph 4 of the Complaint, Defendant admits that he was the brother-in-law to Ann M. Just before the untimely death of her sister. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 4 and therefore denies the same.

4.  In response to paragraph 5 of the Complaint, Defendant admits that JustTalk is a digital audio larynx used by throat cancer survivors and other patients pursuant to which they do not have to press an apparatus to their neck each time they speak. Defendant denies all remaining allegations.

5.  In response to paragraph 6 of the Complaint, Defendant admits that he was previously a member of the Board of Directors for JustMed. Defendant denies all remaining allegations.

6.  In response to paragraph 7 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny these allegations and therefore denies the same.

7. In response to paragraph 8 of the Complaint, Defendant admits that Exhibit 2 is a true and correct copy of a fax from Defendant to Plaintiff's accountant. Defendant denies all remaining allegations.

8. In response to paragraphs 9 and 10 of the Complaint, Defendant denies all allegations.

9. In response to paragraph 11 of the Complaint, Defendant admits that he had a discussion with Joel Just on June 14, 2005. Defendant denies all remaining allegations.

10. In response to paragraph 10 [sic] of the Complaint, Defendant admits that Plaintiff has demanded that he provide it with certain software. Defendant further admits that he was never an employee of JustMed and that he alone is the owner of the software. Defendant denies all remaining allegations.

11. In response to paragraph 11 [sic] of the Complaint, Defendant denies all allegations.

12. In response to paragraph 12 of the Complaint, Defendant admits that the International Association of Laryngectomees is holding an annual conference and tradeshow in Boston, Massachusetts beginning on August 31st. Defendant denies all remaining allegations.

13. In response to paragraphs 13, 14, 15, 15 [sic], 16, 17, 18 and 19 of the Complaint, Defendant denies all allegations.

14. In response to paragraph 20 of the Complaint, Defendant admits he was a Shareholder and previous member of the Board of Directors of JustMed. Defendant denies all remaining allegations.

15. In response to paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31 of the Complaint, Defendant denies all allegations.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has acted with unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendant was at all times relevant hereto was acting in the capacity of an independent contractor and not an employee of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is the rightful author and owner of the software at issue in this case.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail for a lack of consideration.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not the rightful owner of the software at issue in the lawsuit.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this Answer and add additional affirmative defenses as more information becomes available through the discovery process.

### ATTORNEY'S FEES

The Defendant has been forced to retain the services of Perkins Coie LLP to defend against the Complaint. The Defendant is entitled to recover his reasonable attorney fees incurred in defending against the allegations in the Complaint pursuant to the language of the Agreement between the parties and applicable laws.

WHEREFORE the Defendant prays for relief as follows:

1. That the complaint be dismissed with prejudice;

2.  That Defendant be awarded his reasonable attorney fees and costs pursuant to statute and contract; and

3.  That the Court grant such further relief as it deems just and proper.

## COUNTERCLAIM FOR DECLARATORY RELIEF

Defendant/Counterclaimant Michael Byce ("Byce"), as and for a counterclaim against Plaintiff/Counterdefendant Just Med, Inc. ("Just Med"), pleads and alleges as follows:

### PARTIES and JURISDICTION

1.  Counterclaimant Michael Byce is a resident of Boise, Idaho.

2.  Counterdefendant Just Med is an Idaho corporation with its principal headquarters in Oregon.

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

### GENERAL ALLEGATIONS

4.  Byce is the co-inventor and co-owner of United States Patent no. 5,828,758 issued October 27, 1998 for an invention that includes a sound source for providing sound in the oral-nasal cavity, a microphone to receive sound modulated by the user's mouth, tongue, teeth and lips as he or she speaks or attempts vocalization, and a circuit ("the Patent"). The invention is designed to allow a vocally disabled person to use his or her oral nasal cavity to make sounds and speech.

5.  The other co-inventor and co-owner of the Patent is Joel Just. At the time the Patent was issued, Byce and Just were brothers-in-law.

6. After the Patent was issued, Byce left his current employment with Hewlett Packard Company so he could focus upon developing a prototype of the patented invention. Byce devoted a significant amount of time and effort towards doing so. However, during this time period Byce's wife was in an accident and suffered an untimely death. Byce was unable to continue his work on the prototype after he lost his wife.

7. In approximately August, 2002, Just Med was formed by Joel Just and his wife, Ann Just, who were founding shareholders. The purpose of Just Med was to further develop a prototype of the patented invention. Just Med hired an engineer to work on said development.

8. In approximately May, 2003, as a purported token of appreciation for his past work, Byce was given a seat on the Board of Directors of Just Med along with an option to purchase shares in Just Med.

9. The prototype developed by Just Med's engineer was not functional. While the hardware to the prototype was workable, the software was not.

10. Byce, an experienced computer programmer, decided in approximately September, 2004, that he would focus his efforts upon the development of a computer software program that would enable the unworkable prototype. Byce informed Joel Just that he intended to do so.

11. Byce performed the programming work at his own direction out of his home in Ada County, Idaho. He was given no direction on how to do his work by Just Med, nor was he ever paid any compensation by Just Med for his work. Byce performed the work in the capacity as an independent contractor, with the expectation that he would eventually transfer ownership rights to the computer software to Just Med only if Just Med agreed to and did compensate him adequately.

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIM FOR DECLARATORY
JUDGMENT - 6
[59901-0001/SL052430.009]

12.     In approximately May, 2005, as Byce was nearing completion of his work on the computer software program, it became apparent to Byce that Just Med was trying to assert ownership rights to the software program and claim it was the owner of the software. Byce then approached Just Med regarding his compensation for the computer software program. Just Med did not offer Byce fair compensation for the compute software. Just Med then claimed that it was the owner of the computer software program because Byce was its employee. Just Med demanded that Byce turn over a current version of the computer software program and Byce refused.

13.     In its attempts to obtain a copy of the computer software program and use it to Just Med's financial gain without any compensation to Byce, Just Med began claiming that Byce was its employee and developed the computer software program in the course and scope of his employment. Just Med made these claims despite the fact that it never paid wages to Byce, nor treated Byce as an employee in the normal course of business. Just Med now claims that it was issuing Byce shares in Just Med for Byce's work, however it never informed Byce of this until the ownership dispute arose.

14.     Byce has at no time signed any written agreement that Just Med was the author or owner of the computer software program.

15.     Just Med is now in possession of a current version of the computer software program pursuant to a temporary restraining order issued by the Ada County District Court for the District of Idaho. Just Med obtained this temporary restraining order by alleging that Byce was its employee and developed the computer software program during the course and scope of his alleged employment.

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIM FOR DECLARATORY
JUDGMENT - 7
[59901-0001/SL052430.009]

16.     On August 31, 2005, Byce notified Just Med and Joel Just in writing that he was revoking any prior permission or consent for Just Med to have possession of the computer software program.

### CLAIM FOR DECLARATORY RELIEF UNDER 17 U.S.C. 201 *et seq*

17.     Defendant realleges paragraphs 1-16 as though set forth in full.

18.     Pursuant to the Federal Copyright Act, 17 U.S.C. § 201, Byce is the author of the computer software program, which is a copyrightable material.

19.     Byce developed the computer software program as an independent contractor. Byce has never been an employee of Just Med.

20.     Byce has never transferred ownership of the computer software program.

21.     Byce is entitled to a declaratory judgment that he is the sole owner and author of the computer software program, free of all claims by Just Med and ordering that Just Med return any and all versions of the computer software program in its possession to Byce.

**WHEREFORE** Counterclaimant Michael Byce prays for relief as follows:

1.     That the Court enter a declaratory judgment in his favor, declaring that Byce is the sole owner and author of the computer software program, free of all claims by Just Med and ordering that Just Med return any and all versions of the computer software program in its possession to Byce;

2.     That Counterclaimant be awarded his reasonable attorney fees and costs pursuant to statute and contract; and

3.     That the Court grant such further relief as it deems just and proper.

DATED this 6th day of September 2005.

**PERKINS COIE** LLP

By /s/Shelly H. Cozakos
    Shelly H. Cozakos
    Attorneys for Defendant Michael Byce

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of Perkins Coie LLP and is a person of such age and discretion to be competent to serve papers.

That on September 6, 2005, she electronically filed:

### ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

with the Clerk of the court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Jed W. Manwaring

And, placing a copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and contents in the United States Mail at Boise, Idaho in accordance with the Rules of Procedure, to the following non-CM/ECF Registered Participant(s):

Addressee(s):

None

_____/s/Shelly H. Cozakos_____