**Jed W. Manwaring ISB # 3040**
**Judy L. Geier ISB # 6559**
**EVANS KEANE LLP**
**1405 W. Main Street**
**P. O. Box 959**
**Boise, Idaho 83701-0959**
**Telephone: (208) 384-1800**
**Facsimile: (208) 345-3514**
**Jmanwaring @ evanskeane.com**

**Attorneys for Plaintiff, JustMed, Inc.**

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| JUSTMED, INC.,<br><br>　　　　　Plaintiff,<br>vs.<br><br>MICHAEL BYCE,<br><br>　　　　　Defendant. | Case No. 05-333-S-MHW<br><br>FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff JustMed, Inc., an Idaho corporation, by and through its counsel, Jed W. Manwaring, of the firm Evans Keane, LLP, complains and alleges as follows:

### JURISDICTION AND VENUE

1.　The Plaintiff JustMed, Inc. ("JustMed"), is an Idaho corporation with its principal office located at 11855 SW Ridgecrest Dr., Suite 209, Beaverton, OR 97008.

2.　The Defendant Michael Byce is a resident of Ada County, Idaho.

3.　Venue is proper pursuant to *I.C. § 5-404*.

*FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL- 1*

## GENERAL ALLEGATIONS
**(Applicable to all Counts)**

4.	JustMed is a closely held corporation with approximately 55% of its shares owned by Joel E. Just and Ann M. Just, husband and wife.  Various other family members, in-laws, friends and employees own the remaining shares including Defendant Byce who owns approximately 13% of the shares.  Defendant Byce was the brother-in-law to Ann M. Just before the untimely death in 1999 of her sister who was the wife of Defendant Byce.

5.	JustMed developed and markets "JustTalk", a digital audio larynx, used by throat cancer survivors and other patients. JustTalk is unique in that it employs a computer chip, which through the use of proprietary programming, is able to recreate voice in patients who have no larynx (vocal chords).  Thus, patients who use JustTalk do not have to press an apparatus to their neck each time they speak.   Ongoing development on the product focuses on innovative programming improvements and upgrades to enhance its use and performance.

6.	Defendant Byce held an elected position as a member of the Board of Director's for JustMed since February 2003.  In September 2004 Byce was hired fulltime as an employee by JustMed as Research and Development Manager.  His primary responsibilities were to oversee the continued development and upgrading of the computer programming used by JustTalk.  In his capacity as an employee, he has developed improved computer programming for the product. At all relevant times, JustMed owned the rights to the computer programming used to operate JustTalk and all the improvements made by its employees

7.	From September 2004 through April 2005, Defendant Byce was initially compensated for his salary with additional stock shares in JustMed in lieu of cash.  From May 2005 through July 2005, Byce was paid a salary in a combination of check payment and stock.

*FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL- 2*

8.      On June 13, 2005, Byce used his status as an employee and board member to enter Plaintiff's offices and deleted certain proprietary programming/information ("Software") stored on Plaintiff's computers. Said proprietary Software consisted of all of the source code files, assembly files, and readable version of the new improved software that was developed for use in JustMed's product. Additionally, it is believed that Byce copied or has copies or has originals of said proprietary Software in his personal possession.

9.      The next day, June 14, 2005, Byce confronted and demanded from Joel E. Just, President of JustMed, that he transfer enough shares to Byce to equalize their percentage ownership in JustMed in anticipation of a sale and/or merger of JustMed. The deletion of the Software from JustMed's computers by Byce was done to attempt to leverage and extort the larger portion of shares in JustMed to Byce, knowing that there was a potential sale/merger which would substantially benefit existing shareholders.

10.     Plaintiff made repeated demands upon Byce to return the Software. Byce denied JustMed access to the Software, refused to return it and now continues to exclusively possess the Software. Defendant Byce claims that he was never an employee of JustMed and that he alone is the owner of the Software.

11.     At all relevant times, JustMed owned all rights to the Software, including any and all improvements used to operate its product, JustTalk.

12.     The International Association of Laryngectomees ("IAL") had its annual conference and tradeshow in Boston, Massachusetts on August 31 – September 3, 2005. The new Software release for JustTalk was advertised in the May 2005 IAL newsletter and was also to be released at this tradeshow. Due to Byce's wrongful behavior, the Software was not market ready by the deadline of the conference. Plaintiff suffered irreparable harm in loss of credibility

and loss of sales with the distributors, speech pathologists, cancer survivors, medical doctors and others in the commercial market at the IAL tradeshow.

13. Defendant Byce also took and has refused to return certain physical property and other electronic property as listed on the attached Exhibit A.

14. On August 9, 2005, the Plaintiff filed a Complaint in the Fourth Judicial District for the State of Idaho ("State Court") for a temporary restraining order to prevent Byce from destroying the programming that he had taken and to require him to return the it to the company. The State Court entered a Temporary Restraining Order on August 10, 2005 requiring Defendant to forthwith turn over the Software "in full operating order" and further setting an evidentiary hearing for August 22, 2005.

15. Byce turned over a software file but the same had been altered and was not in operating order and therefore could not be used by the Plaintiff for the IAL conference. Byce has continued to withhold the other physical and electronic property taken from the Plaintiff.

16. On August 22, 2005, the date of the State Court evidentiary hearing, Byce removed the case to federal court and filed a counterclaim for a declaratory judgment.

17. On January 20, 2006, the parties reached a settlement agreement on the basis that:

    a. The parties mutually waive or release the other from any claim to and allow the other to use any program or code in their possession which was written by Michael Byce in whatever capacity (albeit disputed) he authored it;

    b. Michael Byce is entitled to and shall be formally issued the additional 15,000 shares per month accrued from October 1, 2004 through April 30, 2005 for his services during that time;

    c. The parties will bear their own costs and attorney fees; and,

    d. Defendant will immediately notify the court to vacate the hearing set for Monday, January 23, 2005 so that Plaintiffs do not have to travel to Boise. In addition, Defendant agreed to return the items that are listed on the attached Michael Byce inventory. Defendant also agreed to take the first cut of drafting a settlement agreement to be entered.

*FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL- 4*

The settlement agreement was memorialized in a confirming letter which requested an immediate response if it did not accurately reflect the agreement to which there was no response from the Defendant. Defendant now refuses to consummate the settlement agreement.

## COUNT I
## DAMAGE AND INJUCTIVE RELIEF FOR MISAPPROPRIATION OF A TRADE SECRET PURSUANT TO *I.C.* § 48-801 *et seq*

18. JustMed has a proprietary interest in said Software which is a trade secret owned by Plaintiff. JustMed also has a proprietary interest and is the owner of the property described in the attached Exhibit A also taken by the Defendant.

19. By his wrongful actions in covertly deleting the Software from the corporation's computers, the Defendant misappropriated the Plaintiff's trade secrets in violation of *I.C.* § 48-801 *et seq*.

20. The Defendant continues to misappropriate JustMed's proprietary Software and other property by refusing to return it, by retaining possession and by denying JustMed access.

21. Said Software and other property is in danger of being lost, removed, concealed, materially damaged or destroyed by the Defendant while it remains in his possession.

22. Plaintiff is entitled to temporary restraining order and preliminary/permanent injunction pursuant to Rule 65 and *I.C.* § 48-802, requiring the return of Software to Plaintiff and prohibiting the Defendant from augmenting, using, marketing, selling, encumbering, sabotaging or destroying the Software.

23. Plaintiff is entitled to damages pursuant to I.C. § 48-803 for the loss, unjust enrichment and for exemplary damages for the willful and malicious misappropriation of the Software. The amount of damage is to be proved at trial in excess of $10,000.

## COUNT II
## CONVERSION

24. The Defendant committed a distinct act of unauthorized control, dominion, misappropriation and taking of Plaintiff's Software and other property listed on Exhibit A thereby committing conversion. Said conversion consisted of: misusing his status as an employee and board member to gain access to the Plaintiff's computers; seeking out the proprietary programming Software on the corporation's computer for the purpose of removing, deleting and/or destroying it; deleting the Software thereby denying the Plaintiff access and use of its proprietary property.

25. As a direct and proximate result of the Defendant's conversion JustMed has suffered damages in an amount to be determined at trial in excess of $10,000.

## COUNT III
## BREACH OF FIDUCIARY DUTY

26. The Defendant was an employee, shareholder and member of the Board of Directors of JustMed. In these capacities the Defendant had a confidential relationship with JustMed as he was allowed access to the corporation's trade secrets, e.g., its Software.

27. Under color of authority as an employee, shareholder and board member, the Defendant willfully and purposefully sought out and deleted the Plaintiff's Software in an effort to gain negotiation leverage to obtain more shares in JustMed.

28. The Defendant breached his duty of care and loyalty by misusing his confidential relationship for the purpose of deleting, destroying and damaging the Software for use by Plaintiff.

29. The Defendant breached his confidential relationship with the corporation by deleting, destroying, damaging and absconding with the Plaintiff's proprietary Software.

30. As a direct and proximate result of the Defendant's breach of fiduciary duty and confidential relationship, the Plaintiff has suffered damages in an amount to be determined at trial but not less than $10,000.

## COUNT IV
## INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE

31. JustMed has a valid economic expectancy in the sales of its device, JustTalk, and in the sale/merger of JustMed.

32. The Defendant in his capacity as an employee, shareholder and board member was fully aware and had knowledge of Plaintiff's economic expectancy including the upcoming IAL tradeshow release and the potential sale/merger of JustMed.

33. The Defendant intentionally interfered with Plaintiff's economic expectancy when he willfully and wrongfully deleted from the corporation's computers and absconded with the necessary Software to be used with JustTalk.

34. The Defendant continues to intentionally interfere with Plaintiff's economic expectancy by continuing to deny Plaintiff access to the Software.

35. The Defendant deleted the Software for the improper purpose of absconding with it, exclusively possessing it to the detriment of the Plaintiff, exclusively profiting from it, and / or extorting from the Plaintiff an increased ownership of shares or profits from JustMed.

36. As a direct and proximate result of Defendant's wrongful actions, Plaintiff's economic expectancy has been disrupted, and Plaintiff has suffered damages in an amount to be determined at trial, not less than $10,000.

## IN THE ALTERNATIVE
## COUNT V.
## BREACH OF SETTLEMENT AGREEMENT

37. Pursuant to Rule 8(e)(2) Plaintiff makes this Count V claim in the alternative to Counts I-IV above.

38. The parties orally and through confirming letter agreed to the terms of the Settlement Agreement set forth in paragraph 17 above.

39. Defendant Byce breached the Settlement Agreement by refusing to consummate the same.

40. Plaintiff delayed prosecution of its claims in reliance of the Settlement Agreement.

41. As a direct result of Byce's breach, Plaintiff's economic expectancy has been disrupted and Plaintiff has been caused damages in amount to be determined at trial, not less than $10,000.00.

## ATTORNEY FEES

42. Plaintiff has been required to retain the law firm of Evans Keane LLP to prosecute this action and is entitled to recover attorney's fees and costs incurred pursuant to I.C. §§12-120 and -121, I.R.C.P. 54, and all other applicable laws. In the event of default Plaintiff claims the reasonable sum of $12,000 for costs and attorney fees.

## DEMAND FOR JURY TRIAL

43. Plaintiff demands a trial by a jury of no less than twelve (12) persons on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

WHEREFORE, Plaintiff prays this court for entry of a Judgment with the damages or remedies set forth above and such other relief as the court deems just and equitable.

*FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL- 8*

DATED this __5th__ day of December, 2006.

                                                  EVANS KEANE LLP

                                        By_____/s/_____
                                           Jed W. Manwaring, Of the Firm
                                           Attorneys for Evans Keane, LLP

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this ___5th __day of December, 2006, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of electronic Filing as follows:

Shelly H Cozakos

Scozakos@perkinscoie.com ALackey@perkinscoie.com

                          _____/s/_____
                                     Jed W. Manwaring

*FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL- 9*