**Jed W. Manwaring, ISB#3040**
**Judy L. Geier, ISB#6559**
**EVANS KEANE LLP**
**1405 West Main**
**P. O. Box 959**
**Boise, Idaho 83701-0959**
**Telephone:  (208) 384-1800**
**Facsimile:  (208) 345-3514**
jmanwaring@evanskeane.com

**Attorneys for Plaintiff, JustMed Inc.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **JUSTMED, INC.,**<br><br>               **Plaintiff, Counter Defendant,**<br>**vs.**<br><br>**MICHAEL BYCE,**<br><br>               **Defendants, Counter Claimant.** | **Case No. CIV 05-333 MHW**<br><br>**PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY FEES** |

Pursuant to Rule 54, Idaho Code §12-120(3), 17 U.S.C.S. § 505, and Idaho Code § 48-803(1), Plaintiff moves this Court for an award of costs and attorney fees in the amounts of $2,283.14 and $47,794.00, respectively.  Plaintiff's Memorandum of Costs and Attorney Fees detailing all the costs and time entries is filed concurrently with this motion.

Plaintiff's claim to attorney fees is pursuant to Idaho Code § 12-120(3) which states in pertinent part:

> [I]n any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the Court, to be taxed and collected as costs.
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.  The term "party" is defined to mean any person,

        partnership, corporation, association, private organization, the state
        of Idaho or political subdivision thereof.

The basis for this attorney fee statute is to allocate attorney fees as an expense of resolving certain commercial disputes through the courts. *DeWils Interiors, Inc. v. Dines,* 106 Idaho 288, 678 P.2d 80 (Ct. App. 1984). An action for declaratory judgment with a counterclaim for specific performance arising out of a commercial transaction forms the basis to award attorney fees to the prevailing party, even though the court held there was no contract. *Clement v. Franklin Ind. Group, Ltd.*, 689 F. Supp 1575(b. Idaho 1988). The test for application of this section is whether the commercial transaction comprises the "gravamen of the lawsuit" that is whether the commercial transaction is integral to the claim and constitutes the basis upon which the party is attempting to recover. *Spence v. Howell*, 126 Idaho 763, 890 P.2d 714 (1995); *Dennett v. Kuenvli,* 130 Idaho 21, 936 P.2d 219 (Ct. App. 1997).

    In the present case, the gravamen of this lawsuit was the hiring of Byce to work on the computer code for a high tech marketable product and Byce's subsequent taking of that computer code. The counterclaim placed at issue whether or not the hiring was as an employee or a general contractor. All these issues were in a commercial context. The Court should award attorney fees based upon Idaho Code § 12-120(3)-Commercial Transactions.

    Plaintiff also claims costs and attorney fees pursuant to the Federal Copyright Act, 17 U.S.C.S. §§ 101 *et seq*. Specifically, the Federal Copyright Act authorized an award of costs and attorney fees within the discretion of the court as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs. (Oct. 19, 1976, P.L. 94-553, Title I, § 101, 90 Stat. 2586)

*PLAINTIFF'S MEMORANDUM OF COSTS AND ATTORNEY FEES - 2*

17 U.S.C.S. § 505.  In this case, a Defendant counterclaimed engaging federal question jurisdiction under "Title I", the Federal Copyright Act specifically alleging that the Defendant owned the copyrighted material, i.e., the computer program operating the JusTalk product.  Defendant Byce sought a declaratory judgment that he owned the copyrighted material under the Federal Copyright Act which was enacted as Title I of Act October 28, 1998, P.L. 103-304, Title I, Section 105, 112 Stat. 2877.  In an action for declaratory judgment as to title of renewable copyright the prevailing defendant is entitled to an award of reasonable counsel fees.  *Tobias v. Joy Music, Inc.,* 204 F. Supp. I56 (SD NY 1962).  Having engaged this Court's federal question jurisdiction, claiming ownership under Federal Copyright Act, the Defendant should not suffer the commercial consequence of having a prevailing party costs and attorney fees imposed against him.

This may also award attorney fees pursuant to Idaho Code § 48-803(1) which states in pertinent part that: "[A] Complainant is entitled to recover damages for misappropriation.  Damages can include... the actual loss caused by misappropriation..."  In the present case, Byce committed a misappropriation of a trade secret.  Part of the damage which normally and reasonably flowed from the misappropriation was the expenditure of costs and attorney fees in order to recover and/or remedy the misappropriation.  In this case, the attorney fees and costs to clear the Plaintiff's title and ownership to the trade secret, turned out to be the larger portion of the resulting damage and expense to Plaintiff.  The attorney fees and costs occasioned by the subsequent litigation should be awarded as a basic damage flowing from the misappropriation.

*PLAINTIFF'S MEMORANDUM OF COSTS AND ATTORNEY FEES - 3*

DATED this __14th ___ day of September, 2007.

_____/s/_____
Jed W. Manwaring, Of the Firm
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this _14th ___ day of September, 2007, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

    Shelly H. Cozakos
    Scozakos@perkinscoie.com Alackey@perkinscoie.com

_____/s/_____
Jed W. Manwaring